Johnson, J.
delivered the opinion of the Court.
I observe from the notes of the presiding judge, taken on the trial and sent up here, that the evidence developed on the ex- *295 animation of the defendant, was taken away from the jury, as tending to explain or vary the legal liability arising out of the note, on which the action is brought, and therefore inadmissible. The rule on this subject is, that parol is inadmissible to vary the terms of a written contract, and can only be admitted to explain a written contract, when an ambiguity arises out of something extrinsic of the writing; as when the- person described is rendered uncertain by two or more answering the same description; and so of the thing described or act to be done. Here there is no such ambiguity; the defendant is or is not liable upon this note, and that question can only be resolved by the application of the rules of construction prescribed by tho Courts of justice. It is a general rule, standing, as Chancellor Kent remarks, on very firm foundations, and pervading every system of jurisprudence, that when an agent is duly constituted, and names his principal, and contracts in his name, the principal is responsible, and not the agent, 2 Kent Com. 492. But if the agent bind himself personally, and engages expressly in his own name, he will be held responsible, though in the contract he gives himself the description and character of an agent. Ibid. 493.
This rule is well exemplified in Appleton v. Binks, 5 East, 148. Where the defendant for and in behalf of Lord R. that in consideration that the plaintiff would convey to the said Lord R. certain premises, covenanted for himself, his heirs, executors and administrators, on the part and behalf of tho said Lord R. that the said Lord R. should pay him the sum of £6,000, which articles were sealed with tho seal of the defendant; and in an action on that covenant, the Court say that it was impossible to contend that when one covenants for another, ho is not bound by it. — that there was nothing unusual or inconsistent in tho nature of tho thing, that one should covenant to another that a third person should do a certain thing ; the party contracted with may prefer the security of the agent to that of the principal — and judgement was given for the plaintiff.
So in the case of Duval v. Craig et. al. 2 Wheat. 45, where Robert Johnson and Elijah Craig entered into a covenant of warranty, describing themselves as the trustees of one John Craig, and as such trustees undertake to warrant, and sign their names as such trustees, and it was held that they were personally liable on tho covenant. If, says Mr. Justice Story, “ tho trasteo chooses to bind himself by a personal covenant, he is liable at latv for a breach thereof, in the samo .manner as any other person, although ho describe himself as covenanting as trustee, for in such caso the covenant binds him personally, and tho addition of tho words “ as trustee,” is but a description, to show the character in which he acts, for his own protection.”
*296 The case of Prior v. Coulter, 1 Bailey, 517, proceeds on the same principle. The defendant there had entered into a covenant, in which he described himself as the attorney of Benj. Overman, but executed the deed by signing his own name only; and jt wag he was personally liable.
Cases illustrative of the principle might be multiplied to an almost unlimited extent, but that is unnecessary, as there is no diversity of opinion about it. If a duly authorised agent undertake, in the name of the principal, that his principal shall do a particular act, the principal, and not the agent, is bound. But the agent may, if he will, undertake himself to do the act for his principal; and if he does, he is bound, although he describe himself as agent. All the difficulty consists in its application.
Did the defendant undertake by this note, himself, to pay the plaintiff the sum expressed, for his principal, or did he undertake that his principal, Inabneth, should pay it ? In resolving this question according to the grammatical construction and obvious import of the undertaking contained in the note, there are perhaps no terms that can more elearly express it than those employed in the note itself. The defendant was himself the actor in this transaction. “ I promise” are the words employed to designate the person and the obligation. It is the defendant himself who speaks, and not Inabneth, and the addition to his signature, “for I. Inabneth,” is precisely what, in Duval v. Craig, Mr. Justice Story .regards as a description, to show the character in which he acted for his own protection, or rather I should say, as a memento that the debt was contracted on account of Inabneth, and as furnishing a clue to the evidence of Inabneth’s liability to him. Excluding the parol evidence, we cannot know that the plaintiff did not prefer to trust to the credit of the defendant, and I do not know that any other terms could more clearly express a personal undertaking-, and at the same time exhibit in what manner the debt arose.
In the case of Long v. Colburn, 11 Mass. T. Rep. 97, the defendant signed a note, “pro Wm. Gill, J. S. Golhurn,” and Mr. Justice Parker observes, that the obvious and true construction of it was a promise of Gill, by Colburn, his agent or attorney, and there is certainly much resemblance in the two cases. But I must be permitted to remark, that the correctness of his conclusion is not so apparent, and that, for the reasons before stated, I should have arrived at its opposite. That is, however, a solitary case, in which the conclusion is merely assumed, and is unsupported by authority. In addition to this, another position is called in to aid in the determination of the case, and upon which of them the judgement of the Court rests, is thus rendered in some degree doubtful.
*297 When the object of the agent is to bind the principal only, the mode of effecting it is so obvious, that it is matter of surprise that any difficulty should arise out of it. If the principal only is intended to be bound, where is the difficulty or inconvenience of so expressing it ? This is usually done by subscribing the name of the principal as the person acting, with the addition that it was done by the attorney; and may, with the same facility, be effected in various other ways, and if men will so involve their contracts in doubt and uncertainty, I do not feel that the Court is bound to. strain the rules' of law to warrant the net in which they have entangled themselves. Doubts in the construction of contracts are, according to well established rules, always construed most strongly against the party, the actor, who is to be bound. I am therefore of opinion that the motion in this case should be dismissed.
Harper, J. concurred.
O’Neall, J. absent.